UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANNETTE BLACKWELL,

    Plaintiff,

v.           606CV066

CAPITAL ONE BANK,

    Defendant.

_____

CAPITAL ONE BANK,

    Third-Party Plaintiff,

v.

JAMES H. BLACKWELL, through his daughter and
next friend, Shannon Bennett,

    Third-Party Defendant.

## ORDER

## I. INTRODUCTION

In this Fair Credit Reporting Act (FCRA) case, *see* 15 U.S.C. §§ 1681-1681x, the Clerk of Court entered an F.R.Civ.P. 55(a) default against Annette and James H. Blackwell on Capital One Bank's ("Capital One")[1] counterclaim and third-party claims, respectively.[2] Doc. # 12. Capital One Bank moves for entry of a default judgment

---

[1] The Complaint originally listed Capital One Services, Inc., as the defendant. The Answer asserts that the proper defendant in this action is Capital One Bank, and Capital One Bank is the entity asserting counterclaims and a third-party complaint. Doc. # 4 at 4. In essence, the defendant has raised an unopposed motion to substitute parties, which is granted. The caption has accordingly been amended, and all further filings shall comply.

[2] Rule 55 applies "whether the party seeking to obtain the default judgment is a plaintiff, third party plaintiff, counterclaimant or cross-claimant. 10 MOORE'S FED. PRAC. ¶ 55.02[2] at 55-9 (2006).

---

on these claims. Doc. # 14. Annette, on the other hand, moves the Court to reopen the default entered against her. Doc. # 18.

## II. BACKGROUND

Though the facts are unclear, the following description seems reasonable from the Complaint (doc. # 1), Answer (doc. # 4), and the affidavit in support of default judgment (doc. # 15).[3] Annette and James were married. During the marriage, James applied for and received a Capital One credit card. James signed the application, and Annette's signature appears as a co-signer, though she apparently contests the authenticity of her signature. Doc. # 1 at 2. James suffered a stroke and has been under 24-hour nursing care -- bedridden, uncommunicative, and on a feeding tube -- since 2002. Doc. # 15, exhs. 3-4. In 5/02, Annette requested that Capital One close the account. Doc. # 4 at 9. Capital One noted the request, but informed Annette that the closing would not be final until the account balance was paid. *Id.*

Capital One later submitted a "bad debt and/or slow payment record" against Annette to several credit reporting agencies. Doc. # 1 at 1. Annette challenged the record via the credit agencies; Capital One responded (also via the credit agencies) that the debt was part of an

---

[3] Normally, "[u]pon entry of default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Northern California-Northern Nevada Sound & Communications v. Diamond*, 2007 WL 1521548 at * 2 (N.D.Cal. 5/24/07) (unpublished). But under the circumstances of this case, this acceptance is irrelevance.

account on which Annette was a cosigner. *Id.* at 2. Annette then "provided proof of her signature before and after the account was created." *Id.* Capital One refused to withdraw the record. *Id.* Annette then brought this action, alleging the following FCRA violations: "[15 U.S.C. 1681s-2] for the failure to provide accurate and truthful information to credit reporting agencies; [15 U.S.C. § 1681b] for the failure to investigate and correct the report after receiving notice and proof of the inaccuracy of the report." *Id.*

Capital One answered the Complaint on 10/10/06, and counterclaimed against Annette for the outstanding debt. Doc. # 4 at 6-13. It also brought third-party claims against James, the card's primary holder. *Id.* A few weeks later, Annette requested an extension until 11/8/06 to respond to the counterclaim; Capital One agreed to the request. Doc. # 15 at 2; doc. # 18 at 1. Annette's counsel explains what occurred next:

> On [11/1/06], counsel prepared a draft of the answer to the counterclaim. For some reason the draft was never presented or finalized for filing as the file was pulled for other matters arising from an attempt to resolve the suit pretrial. During the course of responding to the attempted pretrial resolution, the draft was filed with other filings. Counsel believed the final draft had been prepared and sent. It was not. Blackwell is an innocent party to the occurrence and knew nothing of it.

Doc. # 18 at 2. Apparently, her counsel's secretary failed to place the 11/8/07 deadline on the firm calendar, so no administrative red flag arose as the deadline passed. *Id.*, exh. I.

Between 11/06 and 2/07, the parties communicated frequently, discussing the merits of Annette's case as well as discovery extensions. Doc. # 18, exhs. A-H. Capital One never mentioned Annette's failure to respond to the counterclaim or that it was planning on filing a motion for entry of default on that basis.

On 2/23/07, after neither Blackwell responded to Capital One's claims, Capital One requested an F.R.Civ.P. 55(a) clerk's entry of default. Doc. # 10. The Clerk then filed an Entry of Default against both Blackwells. Doc. # 12. On 3/12/07, Capital One moved the Court to enter an F.R.Civ.P. 55(b) default judgment against both Blackwells. Doc. # 14. Two weeks later, Annette responded, moving the Court to reopen the default entered against her pursuant to F.R.Civ.P. 55(c). Doc. # 18.

## III. ANALYSIS

### A. James Blackwell

No one has appeared on James's behalf. Rule 55(b)(2) allows the Court to enter default judgments, "but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein." *Id.*; *see generally* 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2689 (3d ed. 2007) ("Default Judgments Against Infants and Incompetents").

Given the strong evidence before the Court that James is incompetent, doc. # 15, exhs. 4-5, it cannot enter default against him without a representative appearing on his behalf. The Court also has evidence before it that Shannon Bennett, James's daughter, serves as his power of attorney. *Id.* Therefore, pursuant to the Court's F.R.Civ.P. 17(c) authority to "make such other order as it deems proper for the

protection of the ... incompetent person," Ms. Bennett is instructed to file an appearance on James's behalf before this Court, even if that appearance is simply to admit James's liability. The caption is amended accordingly, and all future filings shall conform.

## B. Annette Blackwell

Annette, on the other hand, is not incompetent, and is duly represented in this action; indeed, she brought the action. Doc. # 1. Under F.R.Civ.P. 55(b)(2), the Court has the discretion to enter a judgment by default so long as: (1) it has previously entered default; (2) it has personal jurisdiction over the parties and subject-matter jurisdiction over the case; and (3) the complaint makes allegations for which the law can afford relief. *Patray v. Northwest Publ'g, Inc.*, 931 F.Supp. 865, 869 (S.D.Ga. 1996). But "[f]or good cause shown the court may set aside an entry of default." Rule 55(c).

Annette has shown good cause. Her initial failure to answer the counterclaim was an inadvertent mishap due to minor attorney/secretarial negligence. After missing the initial deadline, she never had any reason to suspect something was amiss until the motion for entry of default came in. Were Capital One really interested in receiving an Answer to its counterclaim, as opposed to setting Annette up for a default judgment, it would have informed her that it was waiting on her Answer in the course of its extensive communication with Annette's counsel between 11/06 and 2/07.

This is not a situation where an absentee party lackadaisically snoozes, then bursts through the courthouse doors at the last minute to avoid default; Annette has been around the whole time, and she has consistently cited a meritorious defense. This is, rather, an attempt to turn a simple act of negligence[4] into a default win, which is disfavored. *See In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) ("there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor"); *Atlantic Recording Corp. v. Ellison*, 2007 WL 1121278 at * 1 (S.D.Ala. 4/16/07) (unpublished); 10 WRIGHT, MILLER & KANE, FEDERAL PRAC. & PROC. *Civil* 2d § 2681 at 10 ("Under modern procedure, defaults are not favored by the law and any doubts usually will be resolved in favor of the defaulting party") (1998). Capital One also has failed to show legal prejudice. The Court therefore finds Rule 55(c) "good cause" to set aside the entry of default.

## IV. CONCLUSION

Capital One's motion for default judgment is ***DENIED***. Doc. # 14. Annette Blackwell's motion to set aside the entry of default is ***GRANTED***. Doc. # 18. Pursuant to F.R.Civ.P. 17(c), the Court appoints Shannon Bennett as James Blackwell's guardian for the purpose of litigating his interests in this case. The Clerk is directed to serve a copy of this Order on Shannon Bennett, care of James Blackwell, at his last known address (Shannon Bennett appears to be receiving his mail). Ms. Bennett is directed to file a responsive pleading on James's behalf within 20 days of the date this Order is served.[5] Finally, the caption has been

---

[4] *See* 10 Moore's Fed. Prac. § 55.50[1][c] at 55-64 n. 23 (2006) (collecting cases where default set aside due to counsel's simple negligence).

[5] Capital One shall alert the Court should Ms. Bennett fail to appear within 20 days, at which time an alternative means of notifying her will be determined. The Court is aware of the fact that Ms. Bennett may lack legal knowledge, may not wish to hire counsel, and may not fully grasp the directions set forth in this Order. Hence,

amended accordingly, and all future filings shall conform.

This 4 day of May, 2007.

_B. AVANT EDENFIELD_

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

it will be solicitous of her situation in attempting to preserve James's rights here.