FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 JUN 13 AM 10: 06

CLERK
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ANNETTE BLACKWELL,

    Plaintiff,

v.         606CV066

CAPITAL ONE BANK,

    Defendant.

---

CAPITAL ONE BANK,

    Third-Party Plaintiff,

v.

JAMES H. BLACKWELL,

    Third-Party Defendant.

## ORDER

In its last Order, "the Court appoint[ed] Shannon Bennett as James Blackwell's guardian for the purpose of litigating his interests in this case." *Blackwell v. Capital One Bank*, 2007 WL 1615129 at * 2 (S.D.Ga. 6/4/07) (unpublished). The Court also noted "that Ms. Bennett may lack legal knowledge, may not wish to hire counsel, and may not fully grasp the directions set forth in this Order." *Id.* at * 3 n. 5.

Ms. Bennett has responded that she does not wish to serve as guardian in this case, and that she is James's "MEDICAL Power of Attorney ONLY." Doc. # 21 at 1. She is therefore released from any obligation to appear here,[1] so that portion of the Order (doc. # 20) denying default judgment against James and appointing Ms. Bennett is *VACATED*. Thus, the simple solution the Court applied to avoid a difficult question about default judgments is gone.

The difficult question is this: Can a Court grant default judgment under F.R.Civ.P. 55(b)(2) where no state-court finding of incompetence exists regarding the defendant, but the Court has reason to believe the defendant is indeed "incompetent"? In the run of cases in which a defendant is incompetent, either (1) the defendant has a legal representative -- state-assigned, family member, etc. -- who both makes a showing of incompetence to the Court and represents the defendant's interests; or (2) the defendant has no legal representative, and thus when a plaintiff brings an action against the incompetent, the incompetent cannot respond (because of his incompetence), and default judgment attaches without the Court ever having any inkling that the defendant was incompetent.

This case represents a narrow third category in which the defendant has no representative, but the Court has an inkling that the defendant is incompetent. The Court has two options in such cases: (1) adopt a presumption of incompetence and, under F.R.Civ.P. 17(c) appoint a guardian ad litem, have a hearing on competence, and make a judgment as to the defendant's competence; or (2) apply the same presumption of competence the Court would apply in any other case, given the absence of dispositive evidence of incompetence in the record, then enter default judgment.

The Court adopts the latter. Nothing in Rule 55(b)(2) requires determining whether a party is

---

[1] The Clerk nevertheless shall serve her with a copy of this Order so that she may be informed of the Court's ruling and her release from this case. Meanwhile, the Court thanks her for her prompt response.

"incompetent" before entering a default judgment simply because evidence of incompetence is before the Court.[2] If the Court enters a default judgment, and it later turns out the defendant was incompetent, Rule 55(c) contemplates a Rule 60(b) motion to set the judgment aside.[3] Specifically, if the State deems it necessary to protect the assets of the defendant, or if someone (*e.g.* one whose interests coincide with the defendant, or a "next friend," etc.) wishes to challenge the judgment, the challenging party can bring a Rule 60(b)(4) motion for relief because "the judgment is void" (the success of the motion will turn on whether the default judgment was entered against an "incompetent" in violation of Rule 55(b)(2), thus the question of competence will be squarely before the court).[4] This solution, which protects an incompetent in the second situation outlined above (defendant is incompetent, but this has not been proven because the defendant's incompetence prevents him from appearing before the Court to make that showing), is just as appropriate where the Court has evidence of incompetence before it.

In that the damages in this case are liquidated, doc. ## 14, 15, the Court *GRANTS* Capital One's F.R.Civ.P. 55(b) motion for a default judgment against James Blackwell and directs the Clerk to enter a $13,355.20 judgment in favor of the Capital One Bank against James H. Blackwell.

This 12 day of June, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Once a party is deemed "incompetent," federal courts have a duty to act where no representative appears on the defendant's behalf. *See* F.R.Civ.P. 17(c) ("The court *shall* appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action...." (emphasis added)). The Court's duties have been described as follows:

> [W]hat if the infant or incompetent has a general representative who refuses to act or whose own interests conflict with those of the person he is supposed to represent? Courts, both state and federal, always have had the power to appoint special representatives under these circumstances, and the decided cases indicate that this power has been preserved by Rule 17(c). Indeed, the permissive character of the first sentence of Rule 17(c) indicates that suit by the general representative is not obligatory, which implicitly recognizes the possibility that the representative will be replaced for purposes of litigation. Moreover, the last sentence of the rule, which gives the federal courts broad power to enter any order for the protection of the infant or incompetent, provides authority for the appointment of a guardian ad litem when the general representative cannot or will not act for his ward.

6A Wright & Miller, FED.PRAC.&PROC. Civ.2d § 1570 (2007) (footnotes omitted).

[3] *See Zaro v. Strauss*, 167 F.2d 218, 220 (5th Cir. 1948) (default judgment rendered by federal court against insane nonresident defendant personally served, but not as required by Florida statute pertaining to incompetents, was not null as rendered entirely without jurisdiction, but was voidable upon showing that defendant had meritorious defense and was not properly represented by guardian or guardian ad litem), *cited in* 35B C.J.S. *Federal Civil Procedure* § 1142 (June 2007); *see also Keith v. Byram*, 225 Ga. 678, 679 (1969) (judgment rendered against insane person who has no legal guardian and for whom no guardian ad litem has been appointed for purpose of appearing for him in that proceeding is voidable, even in case where insane person was represented by counsel).

[4] The one-year limitation period applicable to Rule 60(b)(1-3) motions is inapplicable to Rule 60(b)(4) motions.