UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANNETTE BLACKWELL,

 Plaintiff,

v.       606CV066

CAPITAL ONE BANK,

 Defendant.

___

CAPITAL ONE BANK,

 Third-Party Plaintiff,

v.

JAMES H. BLACKWELL, through daughter and next friend Shannon Bennett,

 Third-Party Defendant.

## ORDER

## I. BACKGROUND

In this Fair Credit Reporting Act (15 U.S.C. §§ 1681-1681x) case, plaintiff Annette Blackwell ("Annette") brings claims against defendant Capital One Bank for (1) failure to provide accurate and truthful information to credit reporting agencies; and (2) failure to investigate the accuracy of that information after receiving notice of a customer dispute. Doc. # 1 at 2. These claims stem from a credit card account that was opened in 1998. It bore the signatures of James H. Blackwell ("James") and supposedly Annette Blackwell. Doc. # 28 ¶ 1. Annette claims that she never signed on to, much less opened, a joint credit card account with James. Doc. # 34 at 12 (as numbered by CM/ECF) (Annette Aff.). She also denies any knowledge of the 1998-2003 transactions involving that card; she says was separated and ultimately divorced from James by that time. *Id.*

In fact, Annette avers that she first learned of the outstanding debt in 2002, and in response immediately contacted Capital One to dispute these charges. Doc. # 29 at 39 (exh. B).

After no payments were made on the account balance for at least 180 days, Capital One "charged off" the account due to delinquency on 2/3/03. Doc. # 28 ¶ 5. To "charge off" an account means "to close and permanently restrict an account after it has maintained a delinquent or past due status for 180 days." *Id.* Capital One then reported the charge off to the three major credit reporting agencies, Equifax, Experian and TransUnion, *id.*, thus adversely affecting Annette's credit record.

Annette discovered the bad debt record on file with the credit reporting agencies in 2/03.[1] Doc. # 34 at 1. On 12/11/03, she submitted a complaint with the credit reporting agencies, claiming no liability for the debt and disputing the report of the charge off. Doc. # 28 ¶ 8. Annette specifically stated that the debt was James's and that she never signed for the card or used it. Doc. # 29, exh. 4. On 12/22/03, Capital One responded that the account information was "accurate as of the date reported." *Id.*

On 2/25/05, Annette submitted another complaint to the credit reporting agencies regarding the same bad debt record reported in 2/03. Doc. # 28 ¶ 11. This complaint contained the same information as before, except she added that she had not lived with James Blackwell for 12 years. *Id.* In 3/05 Capital One again replied that the account information was accurate as reported. *Id.* ¶ 12.

___

[1] Annette says it was either January or February 2003, doc. # 34 at 1, but it could not have been January because no report was made to the credit reporting agencies until February. Doc. # 28 ¶ 5.

In 5/05, Annette sent Capital One notice that she had retained counsel to represent her in this matter; Capital One acknowledged that representation. Doc. # 34 at 2. On 3/21/06, her lawyer submitted samples of Annette's signature to Capital One. Those samples pre-dated the signature on the credit card application, and she submitted them to prove that the application did not bear her true signature. *Id.* Capital One answered that it had investigated the information and still believed the account information was accurate as previously reported. *Id.*

On 7/28/06, Annette filed her Complaint here, alleging FCRA violations: "[15 U.S.C. 1681s-2(a)] for the failure to provide accurate and truthful information to credit reporting agencies; [15 U.S.C. § 1681s-2(b)] for the failure to investigate and correct the report after receiving notice and proof of the inaccuracy of the report." Doc. # 1 ¶ 6.

Capital One answered, counterclaimed for the debt owed, and filed a third party complaint against James for the same debt. Doc. # 4. This Court entered a default judgment against James, doc. # 23, so only the original complaint and counterclaim remain. Capital One now moves for summary judgment on Annette's claims, insisting that they are time-barred by the applicable statute of limitations. Doc. # 27.

## II. ANALYSIS[2]

As an initial matter, Annette's claim for failure to provide accurate information under 15 U.S.C. § 1681s-2(a) must be dismissed because there is no private right of action to enforce that duty. *See* 15 U.S.C. § 1681s-2(d); *Neal v. Equifax Credit Information Services, Inc.*, 2004 WL 5238126, * 4 (N.D.Ga. 2004) ("[E]very court that has addressed the issue in a reported decision has concluded that private plaintiffs have no cause of action under 15 U.S.C. § 1681s-2(a)").

Conversely, under 15 U.S.C. § 1681s-2(b), there is a private right of action to enforce Capital One's duty to (a) investigate a consumer's complaint that information given to a credit reporting agency is inaccurate; and (b) correct the reported information if found to be inaccurate. *See Dornhecker v. Ameritech Corp.*, 99 F.Supp.2d 918, 927 (N.D.Ill. 2000).

15 U.S.C. § 1681p provides that a person may bring a cause of action under the FCRA "not later than the earlier of -- (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. Both parties agree that the two year statute of limitations applies to this case.

But Capital One argues that the statute of limitations ran on 12/10/05 -- two years from the date on which Annette filed her first complaint (12/11/03) with the reporting agencies. Doc. # 29 at 9. Capital One is incorrect in its dates. While Annette submitted her complaint on 12/11/03, Capital One submitted its response on 12/22/03. The appropriate date to consider is 12/22/03 because that is when Annette would have discovered the violation that is the basis for liability -- Capitol One's failure to investigate properly. So the statute of limitations ran on that claim on 12/21/05.

Annette agrees that the statute of limitations bars any claim based on the complaint submitted

---

[2] This Court will apply the summary judgment standards recounted in *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003).

2

to the credit reporting agencies in 2003. Doc. # 34 at 6. However, she argues that it has not run on the complaints she submitted on 2/25/05 and 3/21/06 regarding the same report Capital One made in 2/03. *Id.* Essentially, she contends that Capital One committed new violations with regard to her additional complaints by failing to properly investigate them. *Id.* at 7. Thus, she reasons, a new consumer complaint restarts the limitations clock if the agency fails to properly investigate the new complaint.

Following Annette's logic, Capital One responds, effectively allows consumers to indefinitely extend the limitations period by filing subsequent complaints. Doc. # 29 at 10. Consumers thus could end-run the applicable statute of limitations.

Two cases support each respective position. *Larson v. Ford Credit*, 2007 WL 1875989 (D.Minn. 2007), supports Annette's position and held that each subsequently submitted complaint started a new statute of limitations for FCRA purposes; a new violation occurred if the defendant in that case indeed failed to properly investigate each time. *Id.* at * 4.

*Bittick v. Experian Information Solutions, Inc.*, 419 F.Supp.2d 917 (N.D.Tex. 2006), in contrast, held that additional complaints regarding the same allegedly inaccurate information "cannot restart the limitations clock." *Id.* at 919. To hold otherwise "would allow plaintiffs to indefinitely extend the limitations period by simply sending another complaint letter to the credit reporting agency."

The Court agrees with the reasoning in *Bittick*. To allow Annette's claims to go forward based upon the subsequently submitted complaints would allow plaintiffs to indefinitely extend the limitations period and render it a nullity. The Court will not read the statute so as to provide such an anomalous result.

If Congress intended such a result it would have said so clearly. Instead Congress provided a private cause of action under 15 U.S.C. § 1681s-2(b) and established a two or five year statute of limitations for that cause of action. Once Annette discovered the allegedly inaccurate information, submitted her complaint and Capital One failed to investigate it (as evidenced by its refusal to amend the reported information), she had two years to bring her action. That original complaint was made on 12/11/03 and Capital One responded 12/22/03. She thus had until 12/21/05 to file this action. She instead waited until 7/28/06 -- well outside the two year statute of limitations.

Accordingly, defendant Capital One's motion for summary judgment (doc. # 27) is ***GRANTED***. Plaintiff Annette Blackwell's Complaint is ***DISMISSED WITH PREJUDICE***. However, this does not end this case; Capital One's counterclaim still remains.

This __25__ day of March, 2008.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA